IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


BRIAN L. BROWN, SR.,

                    Plaintiff,

          v.                              CASE NO. 08-3175-SAC

LEAVENWORTH COUNTY, KANSAS, et al.,

                    Defendants.


                        O R D E R

     This matter is before the court on a pro se complaint seeking
relief under 42 U.S.C. § 1983, filed by a prisoner confined in a
federal facility in Massachusetts.  Also before the court is
plaintiff's motion for leave to proceed in forma pauperis under 28
U.S.C. § 1915.

     Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full
$350.00 filing fee in this civil action.  If granted leave to
proceed in forma pauperis, plaintiff is entitled to pay this filing
fee over time, as provided by payment of an initial partial filing
fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by
the periodic payments from plaintiff's inmate trust fund account as
detailed in 28 U.S.C. § 1915(b)(2).  Plaintiff has prior unsatisfied
fee obligations in the District of Kansas, thus any funds advanced
to the court by plaintiff or on his behalf must first be applied to

those outstanding fee obligations.[1]   The court grants plaintiff leave to proceed in forma pauperis in the instant matter without payment of an initial partial filing fee, with payment of the full district court filing fee in this matter to proceed under 28 U.S.C. § 1915(b)(2) once plaintiff's prior fee obligations have been satisfied.

Plaintiff seeks declaratory judgment and damages on allegations related to the dismissal of a civil action for breach of contract he filed in the Leavenworth District Court in Leavenworth, Kansas.[2] Plaintiff claims his constitutional rights to due process and equal protection were violated by defendants' intentional denial of plaintiff's access to the court.   Plaintiff claims he was not allowed to proceed with service of defendants in that state action as provided under state law, and further indicates his state court action was dismissed for lack of prosecution based upon his failure to serve the defendants.   Plaintiff names the Leavenworth District Court Clerk and Sheriff as defendants, and claims the alleged wrongdoing was pursuant to custom and policy of Leavenworth County.

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted,

---

[1]See <u>Brown v. Eardly</u>, Case No. 04-3216-JWL ($150.00 district court filing fee); <u>Brown v. Eardly</u>, 10th Cir. Appeal No. 05-3174 ($255.00 appellate filing fee); <u>Brown v. Gray et al.</u>, Case No. 06-3003-JTM ($250.00 district court filing fee).

[2]*See* <u>Brown v. Archdiocese of KC</u>, Leavenworth District Court Case 2007-CV-173.

or seeks monetary relief from a defendant immune from such relief.[3] 28 U.S.C. § 1915A(a) and (b). Having reviewed plaintiff's pleadings, the court finds the complaint should be dismissed.

To the extent plaintiff alleges defendants violated state law or county policy, no claim for relief is stated under 42 U.S.C. § 1983. Section 1983 provides relief for violations of federal law by individuals acting under color of state law, but provides no basis for relief for alleged violations of state law. Jones v. City & County of Denver, Colo., 854 F.2d 1206, 1209 (10th Cir. 1988). Accordingly, to the extent any defendant improperly denied plaintiff's request for specific service without a fee, declaratory relief recognizing such error rested in the state appellate courts.

Although plaintiff alleges defendants impermissibly interfered with his fundament right of access to the courts, Lewis v. Casey, 518 U.S. 343, 346 (1996), that right does not extend to plaintiff's filing of a state civil action for breach of contract. See Wolff v. McDonnell, 418 U.S. 539, 576 (1974); Carper v. DeLand, 54 F.3d 613, 617 (10th Cir. 1995). Plaintiff's allegations thus present no

---

[3]Plaintiff states the present complaint "is not a prison complaint" and titles his pleading as a "Non-Prison Civil Rights Complaint." Nonetheless, the screening and summary dismissal provisions in 28 U.S.C. § 1915A (a) and (b) still apply to plaintiff's complaint. Those statutory provisions read:

"The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity....On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

cognizable claim of constitutional significance for the purpose of stating any claim for relief under 42 U.S.C. § 1983.

Accordingly, even giving plaintiff's pleadings the liberal construction to be afforded pro se litigants, Haines v. Kerner, 404 U.S. 519, 520 (1972), and assuming the allegations as true with all reasonable inferences therefrom viewed in the light most favorable to plaintiff, Perkins v. Kansas Dept. of Corrections, 165 F.3d 803, 806 (10th Cir. 1999), it is clear on the face of the record that plaintiff has wholly failed to state any plausible claim upon which relief can be granted under 42 U.S.C. § 1983.  *See* Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007).  Because it is also clear that allowing plaintiff an opportunity to amend the complaint would be futile in this case, McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir. 1991), the court concludes the complaint should be dismissed as stating no claim for relief.  28 U.S.C. § 1915A(b)(1).   *See also*   28   U.S.C.   §   1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with payment of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2) once plaintiff's prior fee obligations in the District of Kansas have been fully satisfied.

IT IS FURTHER ORDERED that the complaint is dismissed as

4

stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 26th day of August 2008 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge