```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**BRIAN L. BROWN, SR.,**

                      **Plaintiff,**

       **v.**                                     **CASE NO. 08-3175-SAC**

**LEAVENWORTH COUNTY, KANSAS, et al.,**

                      **Defendants.**

## O R D E R

Plaintiff, a prisoner confined in a federal facility in Massachusetts, proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. § 1983 against Leavenworth County, Kansas defendants, namely the Leavenworth District Court Clerk and Leavenworth County Sheriff. Plaintiff seeks declaratory judgment and damages on allegations related to the dismissal of a civil action for breach of contract he filed in the Leavenworth District Court. Plaintiff claims his constitutional rights to due process and equal protection were violated by defendants' intentional denial of plaintiff's access to the court. Plaintiff claims he was not allowed to proceed with service of defendants in that state action as provided under state law, and further indicates his state court action was dismissed for lack of prosecution based upon his failure to serve the defendants. Plaintiff claims the alleged wrongdoing was pursuant to custom and policy of Leavenworth County.

By a final order and judgment entered on August 26, 2008, the court summarily dismissed the complaint, finding plaintiff's

allegations stated no claim upon which relief could be granted under 42 U.S.C. § 1983.

Before the court is plaintiff's notice of appeal from that final order and judgment, and motion for leave to proceed in forma pauperis on appeal.

Plaintiff must pay the full $455.00 appellate filing fee in his appeal. *See* 28 U.S.C. § 1915(b)(1)(prisoner bringing a civil action or appeal in forma pauperis is required to pay the full filing fee). If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1), and by periodic payments from plaintiff's inmate trust fund account as authorized in 28 U.S.C. § 1915(b)(2). Because any funds advanced to the court by plaintiff or on his behalf must first be applied to plaintiff's outstanding fee obligations,[1] the court grants plaintiff leave to proceed in forma pauperis on appeal without payment of an initial partial filing fee. Once these prior fee obligations have been satisfied, however, payment of the full appellate filing fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2).

Also before the court are plaintiff's motion for an extension of time to file a response to the order and judgment entered on August 26, 2008, and plaintiff's subsequently filed objection to

---

[1] See <u>Brown v. Eardly</u>, Case No. 04-3216-JWL ($150.00 district court filing fee); <u>Brown v. Eardly</u>, 10th Cir. Appeal No. 05-3174 ($255.00 appellate filing fee); <u>Brown v. Gray et al.</u>, Case No. 06-3003-JTM ($250.00 district court filing fee); <u>Brown v. Leavenworth County</u>, Case No. 08-3175-SAC ($350.00 district court filing fee).

that court order.  Plaintiff's motion is liberally construed as filed on September 3, 2008, and his objection as filed on September 21, 2008, the dates plaintiff certifies he handed said document to prison staff for depositing in prison legal mail.[2]  In both documents plaintiff cites his transport to another correctional facility as interfering with his timely receipt fo the August 26, 2008, final order and judgment, and as denying him the right to file a timely motion to alter and amend the August 26, 2008, judgment.

A motion to alter and amend judgment must be filed within ten days after entry of the judgment on the court docket.  Fed.Civ.P. 59(e).  *See* Price v. Philpot, 420 F.3d 1158, 1167 n. 9 (10th Cir. 2005)(motion for relief from judgment filed within 10 days of entry of judgment is treated as a motion to alter or amend the judgment under Rule 59(e)).  Because the court may not grant an extension to this ten day period, Weitz v. Lovelace Health System, Inc., 214 F.3d 1175, 1179 (10th Cir. 2000), plaintiff's motion for an extension of time is denied.[3]

---

[2] In each document, plaintiff certifies the date he handed it to prison authorities for mailing.  *See e.g.*, Houston v. Lack, 487 U.S. 266, 270 (1988)(pro se prisoner's notice of appeal deemed filed when delivered to prison authorities for forwarding to district court); Price v. Philpot, 420 F.3d 1158 (10th Cir. 2005)(applying Houston mailbox rule).

[3] Moreover, even if plaintiff's motion for an extension of time could itself be liberally construed as a timely filed motion under Rule 59(e) supplemented by the later filed objection, plaintiff identifies no newly discovered evidence, no change in the law, or no manifest error of law or fact that might warrant relief in this case.  *See* Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000)(grounds "warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice")(citation omitted)).

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis on appeal (Doc. 11) is granted, with payment of the $455.00 appellate filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2) after plaintiff's prior fee obligations have been satisfied.

IT IS FURTHER ORDERED that plaintiff's motion for an extension of time (Doc. 7) is denied.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 21st day of October 2008 at Topeka, Kansas.

```
 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge
```